### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| BRADLEY EUGENE BOWEN, § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 4:22-CV-00874-SDJ-CAN |
| v. § | |
| § | |
| JUDGE DOUGLAS ROBISON, § | |
| § | |
| Defendant. § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

On October 13, 2022, *pro se* Plaintiff Bradley Eugene Bowen ("Plaintiff") initiated the instant lawsuit through the filing of his Original Complaint against Defendant Judge Douglas Robison [Dkt. 1]. On November 1, 2022, the Court ordered Plaintiff to file an amended complaint [Dkt. 5]. On November 30, 2022, the Order was returned as undeliverable [Dkt. 6] ("RETURN TO SENDER - UNCLAIMED - UNABLE TO FORWARD"). The Court subsequently ordered that, on or before December 28, 2022, Plaintiff must provide the Clerk of Court with his current physical mailing address [Dkt. 7]. That Order as well was returned as undeliverable [Dkt. 8].

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); FED. R. CIV. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the Court, and appellate review is confined solely to whether the Court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever

necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980).

The Court directed Plaintiff to file an amended complaint, and as well, to provide his current physical mailing address to the Court. Plaintiff failed to comply with these Orders. *See Isom v. Indio Mgmt. at the Everly*, No.4:20-CV-947-SDJ-CAN, 2021 WL 5501786, at *2 ("The Court recommends the instant suit be dismissed under Rule 41(b) for failure to comply with Court Orders and to diligently prosecute."), *report and recommendation adopted*, No.4:20-CV-947-SDJ, 2021 WL 5493377 (E.D. Tex. Nov. 23, 2021); *Shuemake v. Botie Hillhouse*, No. 6:18CV349, 2021 WL 3044433, at *1 (E.D. Tex. July 2, 2021) (plaintiff's "failure to submit an updated mailing address evinces his failure to prosecute his own case"), *report and recommendation adopted sub nom. Ernest Bob Shuemake v. Botie Hillhouse*, No. 6:18CV349, 2021 WL 3032725 (E.D. Tex. July 19, 2021); *Bennett v. Smith Cnty. Jail*, No. 6:21CV010, 2021 WL 930282, at *1 (E.D. Tex. Feb. 5, 2021) ("Plaintiff's failure to submit an updated mailing address evinces his failure to prosecute his own case."), *report and recommendation adopted sub nom. Bennett v. Smith*, No. 6:21-CV-00010, 2021 WL 926207 (E.D. Tex. Mar. 10, 2021). Accordingly, the present case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute this case and comply with court orders. *See* FED. R. CIV. P. 41(b).

## RECOMMENDATION

For the foregoing reasons, the Court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 23rd day of January, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE